| | |
|---|---|
| Geoffrey M. Khotim, State Bar No. 019513 | |

Geoffrey M. Khotim, State Bar No. 019513
**RIDENOUR, HIENTON & LEWIS, P.L.L.C.**
Chase Tower
201 North Central Avenue, Suite 3300
Phoenix, AZ 85004-1052
(602) 254-9900; Fax: (602) 254-8670
gmkhotim@rhkl-law.com
Attorneys for Park Western Financial Corporation

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| PEDRO ORTIZ, JR., | ) **2**:10-bk-06253-RJH |
| | ) |
| Debtor. | ) |
| | ) |
| PARK WESTERN FINANCIAL CORPORATION, an Arizona corporation, dba PARK WESTERN LEASING, | ) Contested Matter No. _____ |
| | ) |
| Movant, | ) **MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT EQUIPMENT LEASE; AND IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT POSSESSION AND DISPOSAL OF CERTAIN LEASED EQUIPMENT** |
| vs. | |
| PEDRO ORTIZ, JR., | |
| Respondent. | |

318308;GMK;283-0000

Lessor and secured creditor, Park Western Financial Corporation, an Arizona corporation dba Park Western Leasing ("Park Western"), by and through its undersigned attorneys, pursuant to 11 U.S.C. §§ 362, 363 and 365, and Rules 4001, 6006 and 9014, Federal Rules of Bankruptcy Procedure, hereby moves this court to enter an order compelling the Debtor, Pedro Ortiz, Jr. (the "Debtor") to immediately assume or reject its equipment lease with Park Western, or, in the alternative, granting Park Western relief from the automatic stay imposed by 11 U.S.C. § 362, and any other stays or limitations, which prevent Park Western from enforcing its legal remedies with respect to the property described herein. This Motion is supported by the attached Memorandum of Points and Authorities and the entire record before this Court in this Chapter 11 case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     JURISDICTION**

1.     This Court has jurisdiction over this bankruptcy case and this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This Motion constitutes a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue of this bankruptcy case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.    BACKGROUND**

1.     On or about October 30, 2007, the Debtor dba Ortiz Transportation executed and delivered to Park Western an equipment lease, Equipment Lease No. 214101 (the "Lease") pursuant to which the Debtor leased Four (4) 1999 Utility Dry Van Trailers, VIN 1UYVS2534XC985007, VIN 1UYVS2533XC991218, VIN 1UYVS2536XC996011 and VIN 1UYVS2538XC996009 (collectively, "the Equipment") as more fully described in the Lease from PWL for the monthly sum of $853 for a period of 36 months.

2. A true and correct copy of the Lease is attached hereto as **Exhibit "A"** and is incorporated herein by this reference.

3. The Debtor also executed and delivered to Park Western an Individual Guaranty Form ("IGF") personally guaranteeing the Lease. A true and correct copy of the IGF is attached hereto as **Exhibit "B"** and incorporated herein by this reference.

4. The Debtor has possession, control and/or use of all of the Equipment under the Lease. A list of all of the Equipment now in the Debtor's possession, including VINs, as well as all of the certificates of title evidencing Park Western's ownership of the Equipment are attached collectively hereto as **Exhibit "C"** and incorporated herein by this reference.

5. Pursuant to Section 12 of the Lease, Park Western is the rightful owner of the Equipment. Further, there is no "buyout" provision in the Lease. Accordingly, Park Western maintains ownership of the Equipment. In addition, as evidenced by the certificates of title, Park Western has held and now holds legal title to all of the Equipment.

6. Park Western has met all of its obligations under the Lease and has relinquished possession of the Equipment to the Debtor pursuant to the terms of the Lease.

7. The Debtor has defaulted in the payment of amounts owed Park Western under the terms of the Lease by failing to pay the monthly lease amounts owed thereto from February 5, 2010 to the present. Pursuant to the terms of the Lease, as a result of the Debtor's defaults, the balance owed under the Lease is immediately due and payable. As of March 18, 2010, Park Western is owed a lease receivable balance of no less than $8,530.00 under the Lease, plus all other amounts due under the Lease documents.

8. Despite demand, the Debtor has failed and refused to pay the amounts due Park Western. As a result of the Debtor's defaults under the Lease, the Lease provides that Park Western is entitled to all lease payments and other sums due under the Lease, including reasonable attorneys' fees and costs or expenses incurred by Park Western related to any default of the Debtor. *See*, paragraphs 21 and 22 of the Lease.

9. As a direct and proximate result of the Debtor's breaches of the Lease, Park Western has suffered damages and has incurred attorneys' fees and costs related to said defaults.

10. On March 9, 2010, the Debtor filed a voluntary petition under Chapter 11, United States Bankruptcy Code, which operates as an automatic stay against the enforcement of Park Western's rights for the Debtor's breach under the Lease.

### III. LEGAL ANALYSIS

Pursuant to 11 U.S.C. § 365(b)(1), if there has been a default in an unexpired lease of the debtor, the trustee/debtor may not assume such lease unless at the time of assumption, the trustee/debtor: (1) cures or provides adequate assurance that the trustee/debtor will promptly cure such default; (2) compensates or provides adequate assurance that the trustee/debtor will promptly compensate the lessor for any actual pecuniary loss resulting from the default; and (3) provides adequate assurance of future performance under the lease.

On the request of any party to a lease, the court may order the trustee/debtor to determine within a specified period of time whether to assume or reject such lease. 11 U.S.C. § 365(d)(2). Generally, a court will compel earlier assumption or rejection when "cause" is shown. See, e.g., *In re Finley*, 138 B.R. 181 (Bankr. E.D. Tex. 1992). In such event, a "reasonable" time for assumption or rejection must be provided by the court. See *Theatre Holding Corp. v. Mauro*,

681 F.2d 102, 105 (2nd Cir. 1982); *In re Dunes Casino Hotel*, 63 B.R. 939, 949 (D. N.J. 1986); *In re Horn & Hardart Baking Co.*, 19 B.R. 597, 598 (Bankr. E.D. Pa. 1982). "'Reasonableness' depends upon the facts and circumstances of the particular case." 3 Collier on Bankruptcy ¶ 365.04[2][b], at 365 31 (Lawrence P. King ed., 15th ed. 2001); see also, *Theatre Holding Corp. v. Mauro*, 681 F.2d at 105; In re Wallace, 122 B.R. 222, 234 35 (Bankr. D. N.J. 1990). A § 365(d)(2) motion must be resolved by weighing the nature of the interests at stake, the balance of hurt to the litigants, the good to be achieved, and the safeguards afforded the litigants. *In re Mayer Pollock Steel Corp.*, 157 B.R. 952, 965 (Bankr. E.D. Pa. 1993).

In this case, sufficient "cause" exists supporting an order from this court to compel the Debtor to promptly make the decision to assume or reject the Lease. The Lease in this case evidences more than simply a financial commitment by the Debtor. The Equipment is rapidly depreciating in value and Park Western is not receiving any payments or adequate protection of its interests in the same. Simply put, the Debtor has paid nothing to Park Western since February 2010. In the meantime, the Debtor is using Park Western's Equipment to its benefit. In weighing the nature of interests at stake in this case as between the parties, it is clear that Park Western's rights are being greatly prejudiced pending any commitment by this Debtor. The interests of Park Western, therefore, can only be protected by the Debtor's prompt decision to either reject the Lease and allow Park Western to recover the Equipment or assumption of the Lease and the Debtor's subsequent prompt cure of all monetary and non-monetary defaults under the Lease. Making this decision should not be overly burdensome to the Debtor in relation to the interests of Park Western.

11 U.S.C. § 365(d)(5) provides that debtor shall timely perform all of the obligations of the debtor…under an unexpired lease of personal property until such lease is assumed or

rejected…unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof. In this case, the court should not excuse the Debtor from its obligations under Section 365(d)(5). As stated above, the Debtor has not made any lease payments since February 2010 and has not provided Park Western with adequate protection. Under the circumstances of this case, it would not be equitable to excuse the Debtor from its obligations to timely perform under the Lease.

11 U.S.C. § 363(e) provides that on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

In this case, based on the reasons already set forth above, requiring the Debtor to provide Park Western with adequate protection while it uses the Equipment is appropriate.

**IV. REQUEST FOR RELIEF AND CONCLUSION**

Wherefore, based on the above, Park Western requests that the Court enter an order as follows:

1. Ordering: (a) that the Lease is immediately terminated; (b) that relief from the automatic stay is immediately granted to Park Western without further order; (c) that the Debtor shall immediately return and surrender all of the Equipment under the Lease to Park Western without further order; (d) that Park Western is authorized to recover possession of the Equipment without further order and without any restrictions under 11 U.S.C. § 362 or other stays; and (e) that Park Western is entitled to exercise its rights as set forth under the Lease under applicable

1. law, including, but not limited to, applying any funds on hand towards the Lease without further order.

2. Ordering the Debtor, in the event it is permitted to assume the Lease, to meet all of the requirements for assuming unexpired leases in default as contained in 11 U.S.C. § 365(b)(1), including, but not limited to, ordering the Debtor to: (a) cure or provide adequate assurance that the Debtor will promptly cure all Lease defaults; (b) compensate or provide adequate assurance that the Debtor will promptly compensate Park Western for any actual pecuniary loss to such party resulting from such defaults; and (c) provide adequate assurance of future performance under the Lease.

3. Ordering the Debtor that it is prohibited from the use of the Equipment pursuant to 11 U.S.C. § 363(e) unless the Debtor pays all post-petition payments required under the Lease regardless of whether the Debtor elects to assume or reject them.

4. Ordering that in the event of any failure by the Debtor to make any required payments when due or perform any act when required or immediately cure the arrearages and assume the Lease: (a) that the Lease is immediately terminated; (b) that relief from the automatic stay is immediately granted to Park Western without further order; (c) that the Debtor shall immediately return and surrender all of the Equipment under the Lease to Park Western without further order; (d) authorizing Park Western to recover possession of the Equipment without further order and without any restrictions under 11 U.S.C. § 362 or other stays; and (e) that Park Western is entitled to exercise its rights as set forth under the Lease under applicable law, including, but not limited to, applying any funds on hand towards the Lease without further order; and

5. Allowing Park Western's claim for all sums due under the Lease from the filing of the petition until the Lease is assumed and defaults cured or the Equipment referred to in said Lease is returned to Park Western, as an administrative expense entitled to priority pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(1).

6. For such other and further relief as the Court deems appropriate.

A proposed form of order is attached hereto as Exhibit "D."

**DATED** this 26th day of March, 2010.

**RIDENOUR, HIENTON & LEWIS, P.L.L.C.**

By: /s/ Geoffrey M. Khotim, SBN 019513
Geoffrey M. Khotim
Chase Tower
201 North Central Ave., Suite 3300
Phoenix, AZ 85004-1052
Attorneys for Park Western Leasing

COPY of the foregoing mailed
this 26th day of March, 2010, to:

PEDRO ORTIZ, JR.
8511 WEST FLAVIA HAVEN
TOLLESON, AZ 85353
Debtor

JOSEPH W. CHARLES
LAW OFFICES OF JOSEPH W. CHARLES, P.C.
PO BOX 1737
GLENDALE, AZ 85311-1737

Office of the U.S. Trustee
230 N. First Ave. #204
Phoenix, AZ 85003-1706
Attorneys for U. S. Trustee


/s/ Margo Martin